```
               UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                     03-CR-420(1)(JMR)
                      06-CV-3531(JMR)
```

United States of America    )
                            )           ORDER
       v.                   )
                            )
Kelly Thomas Rieland        )

Defendant petitions the Court for relief under 28 U.S.C. § 2255. His petition is denied.

I. Background

Petitioner was indicted on six counts of drug trafficking and firearm offenses on December 9, 2003. On April 26, 2004, he pleaded guilty to one count of conspiracy to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and one count of possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

At the plea hearing, petitioner acknowledged, under oath, the rights he was giving up by pleading guilty, including the waiver of any search and seizure issues. While under oath, he told the Court he was satisfied with his attorney's representation and agreed that no one had threatened him or forced him to plead guilty. He admitted selling methamphetamine to his co-defendant, as charged in the indictment, and also admitted carrying a loaded handgun in his waistband at the time of the drug transaction.

Prior to sentencing, petitioner filed two pro se motions. One sought dismissal of the charges for lack of subject matter jurisdiction, the other asked the Court "to remedy fraudulent plea agreement of ineffective counsel's acts of collusion." The Court heard these motions on December 2, 2004. Petitioner admitted at the hearing that he did not understand the arguments contained in his pro se motions because someone else had written them. He also stated that the only complaint he had concerning his attorney's representation was that the sentencing guidelines were unconstitutional. Because petitioner had not yet consulted with his attorney on his pro se motions, the Court afforded him a two-week extension of time to reconsider his motions and decide whether he wished to proceed with his attorney's representation.

On December 17, 2004, petitioner returned to court. He disavowed his earlier pro se pleadings and stated he wanted to proceed with his attorney's representation. The Court then sentenced him to 84 months on the methamphetamine count, and a mandatory 60-month consecutive sentence on the firearm count.

On direct appeal, petitioner challenged his sentence, arguing he was entitled to be resentenced based on the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005). On January 3, 2006, the Eighth Circuit Court of Appeals affirmed this Court's sentence. United States v. Rieland, 432 F.3d 900 (8th Cir. 2006).

2

Petitioner now claims ineffective assistance of counsel. He first claims his attorney failed to investigate the search and seizure of his vehicle and locate an unnamed witness crucial to his defense. Second, he claims his attorney failed to explain that, by pleading guilty, he waived his right to appeal the search and seizure issue. Third, he claims his attorney failed to explain that, by pleading guilty, petitioner was admitting the allegations as charged. Lastly, he claims his attorney failed to file a motion to withdraw his guilty plea. His petition fails on all counts.

II. Discussion

Claims of ineffective assistance of counsel are analyzed under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail, a petitioner must show: first, "that counsel's representation fell below an objective standard of reasonableness," id. at 688; and second, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner first claims his attorney should have done more pretrial investigation and located a witness crucial to his defense who would refute the allegations made against him. A § 2255 petitioner is required to identify the witness who should have been called, what he or she would have testified to, and why that testimony likely would have affected the outcome of the case.

3

<u>Delgado v. United States</u>, 162 F.3d 981, 983 (8th Cir. 1998). Petitioner gives none of these specifics.

The Court specifically advised petitioner at the plea hearing that he had the right to subpoena witnesses to testify, and petitioner still went forward with his guilty plea. More importantly, he admitted the truth of the charges against him under oath. Petitioner does not claim he was not guilty. The Court finds petitioner's allegation of ineffective assistance of counsel to be unsubstantiated and without merit.

Petitioner next claims his counsel failed to explain the consequences of a guilty plea. Specifically, he claims he did not know that, by pleading guilty, he waived his right to appeal his search and seizure challenge, and that he was admitting the allegations as charged. Regardless of what representations may or may not have been made to petitioner by his counsel, the Court told petitioner all of these things during the plea hearing, thus ensuring that the plea was made knowingly and voluntarily. The Court finds petitioner was aware of the consequences of his plea. His claim of ineffective representation therefore fails.

Petitioner finally claims his counsel erred in failing to move to withdraw petitioner's guilty plea. This claim fails, too; petitioner himself filed such a motion <u>pro</u> <u>se</u>. He later withdrew the motion as being ill-advised.

There is a strong presumption that counsel's challenged actions or omissions were, under the circumstances, sound. Strickland, 466 U.S. 668, 689 (1984).  Petitioner acknowledged, after a two-week delay to contemplate the decision, that moving to withdraw his guilty plea was not a good strategic decision.  He cannot fault his counsel for failing to pursue what petitioner himself admitted was a poor strategy.  The Court finds petitioner was ably represented and suffered no prejudice from counsel's omission.

For the reasons stated above, petitioner has failed to show any objective evidence of ineffective assistance of counsel.

III. Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA").  See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997).  The Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)).  Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA.  28 U.S.C. § 2253(c)(2).

IV. Conclusion

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1.  Petitioner's motion for relief pursuant to § 2255 [Docket No. 66] is denied.

2.  No Certificate of Appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 23rd, 2007

                                         s/ James M. Rosenbaum
                                        JAMES M. ROSENBAUM
                                        United States Chief District Judge